IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA WRIGHT                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:18-cv-650-DPJ-FKB

ASURION, LLC                                                    DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Angela Wright, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the ADEA and ADA. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1.      Plaintiff, Angela Wright, is an adult female who resides in Lauderdale County.

2.      Defendant, Asurion, LLC, is a Delaware Corporation and may be served with process through its Registered Agent, National Registered Agents Inc, 645 Lakeland Drive East, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

3.      This Court has federal question and civil rights jurisdiction and venue is proper in this court.

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC for Age and Disability Discrimination on July 13, 2015, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Determination in Plaintiff's favor finding that Plaintiff

1

had been discharged by Defendant because of her age and disability, a true and correct copy of which is attached as Exhibit "B." The EEOC issued a Notice of Right to Sue on July 31, 2018, a true and correct copy of which is attached as Exhibit "C."

5.    Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under the ADEA and ADA.

## STATEMENT OF FACTS

6.    Plaintiff is a 45-year old female.

7.    Plaintiff was hired by Defendant on October 21, 2013 as a Customer Care Representative/Technical Agent.

8.    Plaintiff spent most of her time at work on the phone providing customers with technical support for their Direct TV service.

9.    Around mid-October 2014, Plaintiff had a panic attack while at work.

10.    Plaintiff had previously been diagnosed with Anxiety and Panic Disorder, and she was diagnosed with Attention Deficit Hyperactivity Disorder as a child.

11.    Immediately following the panic attack in mid-October 2014, Defendant gave Plaintiff a few days off with pay.

12.    During the time off, Plaintiff went to the doctor, who directed her to have extended medical leave.

13.    Plaintiff was directed by her doctor to return for monthly appointments, and each month he would recommend whether she could return to work or not. Ultimately, the doctor kept Plaintiff off work for five months.

14.    During the first three months of her medical leave, Plaintiff received 50%

of her salary, because short term disability was part of her health insurance plan with Defendant.

15.     Plaintiff was released back to work by her doctor on March 21, 2015. Her doctor requested by letter that Plaintiff start back to work on a reduced schedule, i.e., down from 40 hours per week to 35, and modified so that she would not have to be on the phone more than 2-2.5 hours at a time without a break.

16.     Despite the letter, Defendant told Plaintiff that she would have to work her previous regular schedule until her reduced schedule was approved. The reduced schedule was approved on April 18, 2015.

17.     On April 24, 2015, her Supervisor, Jamarcus Raine, told Plaintiff that she was discharged due to three monitored/recorded calls in which she misinformed customers regarding a 30 day "no claim/no charge" period on the extended protection plan premier through Direct TV.

18.     During the Plaintiff's medical leave, the policy described above had been changed and Defendant did not make her aware of this change until she was terminated.

19.     Plaintiff never received any training regarding the policy change and she was given no warning, coaching, or corrective action regarding her three violations of the new policy.

## COUNT I - AGE DISCRIMINATION

20.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21.   Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA.  Specifically, Plaintiff is over the age of 40 and is more than qualified for her position with Defendant after a year and a half of dedicated service.  Other similarly situated younger employees who committed the same offense were not terminated.

22.   The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II - VIOLATION OF THE ADA

23.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

24.   The Defendant violated the ADA by terminating Plaintiff in retaliation for taking medical leave based on her disability.

25.   The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.   Back wages and reinstatement; or
2.   Future wages in lieu of reinstatement;
3.   Compensatory damages;
4.   Liquidated damages;
5.   Punitive damages;
6.   Attorney's fees;
7.   Costs and expenses; and

4

8.    Such further relief as is deemed just and proper.

THIS the __18th__ day of September 2018.

Respectfully submitted,

Angela Wright, Plaintiff

By:    _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com

5